UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL URBAN LEAGUE, INC.,

    Plaintiff,

v.                                      Case No: 8:16-CV-3332-T-33MAP

EQUALITY FLORIDA, INC.,
EQUALITY FLORIDA INSTITUTE,
INC. and EQUALITY FLORIDA
ACTION, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. Plaintiff filed this action on December 5, 2016. (Doc. #1). The Court takes this opportunity to address service of process as required by Federal Rule of Civil Procedure 4.

A plaintiff has 90 days from the filing of the complaint to effect service of process. Rule 4(m), Fed. R. Civ. P. "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. Furthermore, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l). Accordingly, Plaintiff is directed to effect service of process as required by Rule 4,

Fed. R. Civ. P., and file proof thereof with the Court as soon as service has been effected.

The Court also takes this opportunity to remind counsel that the Court's permission is required to extend deadlines imposed by the Court or the Rules. Indeed, as noted on the undersigned's webpage, while

> [t]he Court encourages the parties to work together in a collegial manner with respect to all pending matters; however, it is solely the Court's province to grant an extension of time. Notably, after a defendant has been served, if that defendant needs additional time to respond to the complaint, that defendant should file a motion requesting an extension of time, rather than informally seeking an extension of time from plaintiff's counsel. An informal agreement without the benefit of a Court Order is insufficient. If defense counsel is a member of the Florida Bar, but is not admitted to practice in the Middle District of Florida, defense counsel should reach out to Judge Covington's Chambers so that appropriate arraignments can be made. If defense counsel does not meet the requirements for being admitted to practice in this Court, defense counsel should retain local counsel and seek admission on a *pro hac vice* basis.

United States District Court, Middle District of Florida, Judicial Info, Virginia M. Hernandez Covington, General Matters, Requests for Extension of Time, http://www.flmd.uscourts.gov/judicialInfo/Tampa/JgCovington.htm (October 28, 2016, at 4:46PM).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff is directed to effect service of process as required

by Rule 4, Fed. R. Civ. P., and file proof thereof with the Court upon service being effected.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of December, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE