```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

NATIONAL URBAN LEAGUE, INC.,

        Plaintiff,
v.                      Case No. 8:16-cv-3332-T-33MAP

EQUALITY FLORIDA, INC., ET AL.,

        Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Second Stipulation for Extension of Time to Respond to Complaint (Doc. # 24), which was filed on February 1, 2017. The Court rejects the Stipulation, but, in an abundance of fairness, will permit a limited extension of time, until **February 13, 2017**, for Defendants to respond to the Complaint.

**Discussion**

National Urban League, Inc. initiated this trademark infringement and unfair competition action against Equality Florida, Inc., Equality Florida Institute, Inc., and Equality Florida Action, Inc. by filing a seven count Complaint on December 5, 2016. (Doc. # 1). On December 7, 2016, the Court entered an Order outlining relevant rules and procedures for the initial stage of the case, such as the requirements of Rule 4, Fed. R. Civ. P., regarding service of process and also

addressing the procedures for obtaining an extension of time to respond to the Complaint. (Doc. # 8). That Order reminded counsel: "it is solely the Court's province to grant an extension of time. Notably, after a defendant has been served, if that defendant needs additional time to respond to the complaint, that defendant **should file a motion requesting an extension of time . . . ."** (Id. at 2)(emphasis added).

On December 22, 2016, National Urban League reported to the Court that the Equality Florida entities were served on December 20, 2016. (Doc. ## 14-16). Thereafter, on January 12, 2017, two days after the deadline for Defendants' response to the Complaint, the parties filed a "Stipulation for Extension of Time to Respond to Complaint," wherein the parties "stipulate[d] and agree[d] to extend the date by which Defendants shall respond to Plaintiff's Complaint from January 10, 2017 until January 31, 2017." (Doc. # 17). In the Stipulation, counsel remarked that the parties "have been engaging in discussions with the aim of resolving this dispute without the need of further intervention by the Court." (Id. at 1). Although the Stipulation was untimely because it was filed after the deadline for response to the Complaint expired and was filed in contravention of the Court's rules and procedures for seeking an extension of time by motion, the

Court approved the Stipulation in effort to move the case forward. (Doc. # 20). To that end, the Court also set the matter for a Case Management Hearing on February 15, 2017, with the Case Management Report due on February 8, 2017. (Doc. # 18).

On February 1, 2017, with no response to the Complaint on file, the Court entered an Order to Show Cause based on National Urban League's failure to apply to the Clerk for entry of a Clerk's default. (Doc. # 22). At this juncture, and after the expiration of the already extended deadline for a response to the Complaint, the parties have filed a second procedurally defective Stipulation, reflecting their agreement for an extension of time. (Doc. # 24). This time, the parties "stipulate and agree that the date by which Defendants shall respond to Plaintiff's Complaint shall be extended from January 31, 2017 to February 28, 2017. (Id. at 2).

The Court rejects the Stipulation. First and foremost, it is the Court's province, not the parties' prerogative, to set the case deadlines and to determine whether an extension of time should be permitted. Second, a request for an extension of time should be filed as a Motion, rather than a Stipulation and third, the request should be presented to the Court prior to the expiration of the relevant deadline. If

3

the Court were to adopt the procedurally defunct Stipulation as presented, it would allow Defendants to respond to the Complaint months after being served and weeks after the Case Management Hearing.

The Court "must take an active role in managing cases on [its] docket." <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997). The Court has, on occasion, granted successive extensions, such as in particularly complex actions (i.e., class action cases) or in circumstances where counsel have experienced serious medical conditions requiring hospitalization. In addition, the Court has protected attorneys from trial during scheduled family events such as weddings and graduations. However, the parties in this case have not pointed to any special circumstance supporting the need for yet another extension. And the vague and tenuous mention of a possible settlement, while appealing, does not justify back-to-back extensions as now requested.

As stated in <u>Chudasama</u>, 123 F.3d at 1366, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and, under the circumstances of this case, the Court determines that it is appropriate to require Defendants' response to the Complaint be filed by **February 13, 2017**, so that such response is on file before the Case

Management Hearing takes place. The parties are reminded that the Case Management Report is due on February 8, 2017, and any failure to timely file the Report will lead to the imposition of sanctions.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

(1) The parties' Second Stipulation for Extension of Time to Respond to Complaint (Doc. # 24) is rejected.

(2) Defendants' response to the Complaint is due on February 13, 2017.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of February, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE